UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT D. GORDON,

        Plaintiff,

v.

ROYAL PALM REAL ESTATE INVESTMENT
FUND I, LLP, et al.

        Defendants.

Case No. 09-11770
Honorable Julian Abele Cook, Jr.

## ORDER

On March 8, 2011, the Court entered an order which granted a stay of this case pending the resolution of a related arbitration proceeding that the Plaintiff, Robert D. Gordon, had initiated with the Financial Industry Regulatory Authority. On September 6, 2013, the Court, after learning that the arbitration hearing had not commenced, entered an order which administratively closed the case.

Now pending is Gordon's motion in which he requests the Court to amend its now challenged order by adding a provision that would assure the parties that the applicable statutes of limitations will continue to be tolled until the termination of the arbitration hearing.

An administrative closure is a docket managing device that does not have any substantive or procedural adverse effect upon the rights of the parties in this case. *In re Heritage Sw. Med. Grp. PA*, 464 F. App'x 285, 287 (5th Cir. 2012); *see also Shewchun v. Holder*, 658 F.3d 557, 567 (6th Cir. 2011) (administrative closure "is merely an administrative convenience which allows the removal of cases from the calendar in appropriate situations."); *Dees v. Billy*, 394 F.3d 1290, 1294 (9th Cir. 2005). The practical "effect of an administrative closure is the same as a stay, except that it affects

the count of active cases pending on the court's docket." *Thacker v. Colson*, No. 12-2784, 2012 WL 5288804, at *2 (W.D. Tenn. Oct. 23, 2012). The statutes of limitations are not implicated if the claims have been timely filed and sometime thereafter the case is administratively closed. *In re Heritage Sw. Med. Grp. PA*, 464 F. App'x at 287. Inasmuch as the Court is not aware of any legal authority to the contrary, there should not be any uncertainty between the parties regarding the effect of the administrative closing on the viability of Gordon's claims. Nevertheless and for the sake of clarity, the Court will (1) grant Gordon's motion, and (2) add the requested language to its order of September 6, 2013.

For the reasons that have been set forth above, the Court grants Gordon's motion for reconsideration of the order that had dismissed this action pending the completion of the parties' arbitration proceedings (ECF No. 73). The following statement will be added to the Court's September 6, 2013 Order: "The administrative closing of the case is not to be construed as suspending the tolling of the limitations period."

IT IS SO ORDERED.

Date: October 24, 2013                    s/Julian Abele Cook, Jr.
                                          JULIAN ABELE COOK, JR.
                                          U.S. District Judge


CERTIFICATE OF SERVICE

2

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on October 24, 2013.

                                                          s/ Kay Doaks
                                                          Case Manager