UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT GORDON ET. AL.,

    Plaintiff,

v.

ROYAL PALM REAL ESTATE
INVESTMENT FUND I, LLLP, ET. AL.,

    Defendant.

_____/

Case No. 09-11770

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER GRANTING PLAINTIFF'S MOTION TO REOPEN CASE AND LIFT STAY OF ACTION [76] AND DENYING DEFENDANTS' MOTION FOR SETTLEMENT CONFERENCE AND MEDIATION AND TO DEFER CONSIDERATION OF RECEIVER'S MOTION TO REOPEN CASE [77]**

On October 26, 2016, Plaintiff filed a Motion to Reopen Case and to Lift Stay of Action [76]. Defendant did not file a response. Defendant filed a Motion for Settlement Conference and Mediation and to Defer Consideration of Receiver's Motion to Reopen Case and to Lift Stay of Action [77]. Plaintiff filed a response on November 23, 2016 [78] and Plaintiff filed a reply on December 1, 2016. For the reasons stated below, Plaintiff's Motion to Reopen Case and to Lift Stay of Action [76] is **GRANTED** and Defendant's Motion for Settlement Conference and Mediation and to Defer Consideration of Receiver's Motion to Reopen Case and to Lift Stay of Action [77] is **DENIED**.

1

## STATEMENT OF FACTS

Plaintiff filed a complaint against Defendants on May 7, 2009. On January 22, 2010, Defendants Royal Palm Real Estate Investment Fund I, LLLP, Royal Palm Investment Management Company, LLC, Royal Marketing Services, LLC, Robert Rosetto, Roxanne Rosetto, And Bruce Rosetto filed a Motion to Stay the Action Pending Arbitration [35]. Judge Cook[1] entered an Order granting this Motion on March 8, 2011 [64], and the case was stayed pending the completion of a FINRA arbitration claim brought by Plaintiff against Defendants Alan Goddard, Michael Lichtenstein, Eric Blook, and Allan, Goddard, McGowan, Pak & Partners LLC, also known as Sierra Equity Group LLC.[2] On September 6, 2013, the case was closed for administrative and statistical purposes, without prejudice, pending the outcome of the arbitration proceeding. [72]. It was further ordered that if the case was not resolved by arbitration proceedings, then it could be reopened upon the motion of any party.

On October 8, 2015 the FINRA arbitrators entered a FINRA Award in the proceeding. That award became final on January 9, 2016. Since January, the parties have been negotiating and participating in a third-party facilitation process.

---

[1] The case was reassigned on October 26, 2016.
[2] All Defendants that were in the FINRA arbitration were terminated on March 8, 2011.

This process did not resolve the matters in the case, and therefore Plaintiff filed the Motion to Reopen the case currently before the Court.

## ANALYSIS

Defendants request that the Court defer from reopening the case and lifting the stay of action, and instead schedule a settlement conference with both parties and their mediator, Eugene Driker, Esq. to actively work with the parties to settle this matter. They argue that the case is old and stale, and that, if the case is reopened and not settled, then litigation will be very expensive given the complications of discovery of events from 2007-2010, and the necessity of complex motion practice. Defendants also argue that defects in the second amended complaint, and issues with jurisdiction and venue, counsel that the Court should not reopen the case but rather facilitate mediation. Plaintiff argues that the Motion to Reopen the Case should be granted. They argue that the parties have attempted to settle the matter since the FINRA proceedings were resolved in January 2016, and have already met with mediator Eugene Driker, Esq. on September 19, 2016, without any resolution and the Defendants do not present any precedent to support why the case should not be reopened at this point since the FINRA proceedings are completed and ten months of negotiation have already failed. They also argue that it is contradictive to request that the Court engage in mediation with them and not reopen the case.

This case has been stayed for over five and a half years and the parties have attempted to resolve it since January of this year. While the case is certainly old, it was stayed at the request of the Defendants, and they have provided no legal argument for why the case should not be reopened and the stay lifted per the Order entered by Judge Cook in 2013. Their arguments concerning elements of the case including, *inter alia*, the proposed amended motion and issues with discovery, jurisdiction and venue can be properly considered via motion once the case is reopened. Additionally, if the Defendants still believe that a settlement conference is appropriate and would be useful, then it can be accomplished when the case is reopened. Considering the long delay in this case, Defendants have not shown good cause why the Court should not grant Plaintiffs' Motion to Reopen.

Accordingly, a status conference for parties' counsel is set for Tuesday, December 20 at 11:00am.

**IT IS ORDERED** that Plaintiffs' Motion to Reopen Case and to Lift Stay of Action [76] is **GRANTED** and this case is reopened from administrative closure and the stay of this litigation is lifted**.**

**IT IS FURTHER ORDERED** that Defendants' Motion for Settlement Conference and Mediation and to Defer Consideration of Receiver's Motion to Reopen Case and to Lift Stay of Action [77] is **DENIED**.

**IT IS FURTHER ORDERED** that a status conference for parties' counsel is set for Wednesday, December 21, 2016 at 11:00am.

**SO ORDERED**.

|  |  |
|---|---|
|  | s/Arthur J. Tarnow |
|  | Arthur J. Tarnow |
| Dated: December 9, 2016 | Senior United States District Judge |